UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN LAGACE,

                                                Plaintiff,

      v.                                                        **DECISION AND ORDER**
                                                                            06-CV-232 S

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                                                Defendant.
_____

       1.      Plaintiff Steven Lagace challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since November 10, 2001, due to a combination of impairments including degenerative disc pathology, left ulnar neuropathy, episodic vertigo, residuals of past inguinal hernia surgery, upper borderline intellectual functioning with possible learning disability, personality disorder with anger impulse control issues, dysthmic disorder, and pain disorder. Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

       2.      On August 19, 2005, the ALJ denied Plaintiff's application for social security benefits. Plaintiff exhausted his administrative remedies[1] and filed the instant action on April 7, 2006, challenging the ALJ's decision. The parties subsequently filed Motions for Judgment on the Pleadings on December 8, 2006, and December 11, 2006. After full

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review on February 10, 2006.

briefing, this Court deemed oral argument unnecessary and took the motions under advisement on January 12, 2007. For the following reasons, Plaintiff's motion is granted and Defendant's motion is denied.

3. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

4. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153

(S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

5. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

6. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

7.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

8.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since November 10, 2001 (R. at 17); (2) Plaintiff's impairments are considered "severe" impairments within the meaning of the Act (R. at 18); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (R. at 19); (4) Plaintiff retained the residual functional capacity to perform work activity with certain restrictions[2] (R. at 19); and (5) Plaintiff was unable to perform his past relevant work, but

---

[2]   In particular, the ALJ found that:

> [C]laimant has the residual functional capacity to lift and carry 20 pounds occasionally (one-third of an eight-hour workday) and 10 pounds frequently (two-thirds of an eight-hour work day). He can stand/be on his feet at least four hours total during an eight hour work day, one hour at a time. He can sit at least five hours to about six hours total during an eight-hour work day, two hours at a time. He can occasionally push and/or pull with his upper extremities and is limited to 20 pounds of torque. He can perform no sustained/frequent overhead work. He is unable to work at a job requiring the use of hand-held vibrating-type power tools. He is unable to climb hills/slopes or work on uneven terrain. He cannot climb ladders or work at unprotected heights. He can only

considering his residual functional capacity, age, education and work experience, he is capable of performing jobs that exist in the national economy and is therefore not disabled (R. at 23).

9.      Plaintiff advances a number of challenges to the ALJ's decision, one of which is persuasive. Plaintiff contends that the ALJ failed to explain why he disregarded the opinions of Dr. Newman and Dr. Cappuccino, both of whom found that Plaintiff was totally disabled. Defendant responds that the ALJ adequately considered the opinions of Plaintiff's treating physicians, and correctly found that they were inconsistent with other substantial evidence. For the following reasons, this Court finds that the ALJ failed to give an adequate explanation for discrediting the opinions of Dr. Newman and Dr. Cappuccino.

The record indicates that on January 17, 2003, Dr. Andrew Cappuccino treated Plaintiff at the Buffalo Spine Surgery Center and found that Plaintiff "remains completely and totally disabled." (R. at 156). Dr. John Newman later examined Plaintiff on multiple occasions between April 23, 2001, and February 19, 2004, and each time found that he was totally disabled. (Dr. Newman's Reports, R. at 250-70). After recounting the opinions

---

occasionally climb stairs, steps or ramps. He can only occasionally bend/stoop, twist, crouch/squat, kneel or crawl. He is unable to work in the vicinity of heavy moving machinery or otherwise be exposed to excessive floor vibrations. He is unable to operate mobile equipment or otherwise be exposed to jarring, jostling, or jolting. He is unable to perform commercial driving. He can occasionally perform forceful "pincher" type gripping maneuvers with maximum of 20 pounds torque. He must avoid exposure to excessive air pollutants, pulmonary irritants or allergens. He must avoid temperature extremes and damp-humid conditions. He must be permitted to wear ear protective devices or hearing aids as appropriate. He is unable to perform activities involving prolonged flexion of his left elbow or required leaning of the left elbow on hard surfaces for extended periods. Also he had fair (limited but satisfactory) ability to relate to coworkers, deal with the public, interact with supervisors, deal with work stresses, behave in an emotionally stable manner, related predictably in social situations and demonstrate reliability. (R. at 19).

of Dr. Cappuccino and Dr. Newman, the ALJ rejected their conclusions that Plaintiff was totally disabled, and noted that the ultimate decision of disability is one to be decided by the Social Security Administration, and not a physician. (R. at 20).

As Defendant correctly points out, determinations of disability by physicians for the purposes of worker's compensation are not determinative of disability under the Social Security Act. (Defendant's Brief at p. 3 (citing DeJesus v. Chater, 899 F.Supp. 1171, 1177 (S.D.N.Y. 1995) ("findings of disability for workers' compensation purposes are of limited utility for disability purposes under the Social Security Act. Those findings are geared to the person's prior employment and allow findings of partial disability. The Social Security Act uses its own definition of disability"))). However, even where the treating physician's determinations are not entitled to controlling weight, the Commissioner must still provide an explanation for discounting those medical opinions. See e.g. 20 C.F.R. § 404.1527(d)(2).

In Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir. 1999), the Second Circuit considered a plaintiff's argument that the ALJ had failed to adequately explain the reasons for disregarding the opinion of a treating physician. The Second Circuit stated that "[u]nder the applicable regulations, the Social Security Administration is required to explain the weight it gives to the opinions of a treating physician. . . . Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Id. (citing 20 C.F.R. § 404.1527(d)(2) ( "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.")). The Snell Court continued:

> Reserving the ultimate issue of disability to the Commissioner relieves the Social Security Administration of having to credit

6

>a doctor's finding of disability, but it does not exempt administrative decisionmakers from their obligation, under Schaal [v. Apfel, 134 F.3d 496, 505 (2d Cir.1998)] and § 404.1527(d)(2), to explain why a treating physician's opinions are not being credited. The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, even-and perhaps especially-when those dispositions are unfavorable. A claimant . . . who knows that her physician has deemed her disabled, might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.

177 F.3d at 134.

In the present case, the ALJ correctly stated that the ultimate determination of disability was reserved to the Commissioner, however, as the Second Circuit held in Snell, the claimant is entitled to an explanation as to *why* a particular treating physician's opinion was not credited. Here the ALJ failed to give such an explanation for discrediting the opinions of Dr. Cappuccino and Dr. Newman, and the case must therefore be remanded.

10.    Having reviewed the record evidence and the parties' arguments, this Court finds that this case should be remanded to the Commissioner for further proceedings. In particular, the Commissioner shall consider the opinions of Dr. Cappuccino and Dr. Newman and provide an explanation for the weight given to those opinions. See Rivera v. Sullivan, 771 F.Supp. 1339, 1354 (S.D.N.Y. 1991) (Commissioner's determination "must contain a sufficient explanation of his reasoning to permit the reviewing court to judge the adequacy of his conclusions").

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No.

9) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated: September 3, 2007
       Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge